4920-7136-8473

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:23-cv-79-BJB

TARVOUS HASKINS                                                                    PLAINTIFF

v.                            **STATUS REPORT**
(Electronically Filed)

JERIMIAH KLINE                                                 DEFENDANT

Pursuant to the Court's Text Order [DN 28], Defendant, Ofc. Kline, in his individual capacity, submits the following status report:

1. On January 8, 2025, the Christian District Court conducted a pretrial conference in the state-criminal matter. (*Commonwealth v. Haskins, Tarvous*, 22-F-468 (Christian District Ct. Feb. 3, 2025), Case History, attached hereto as Exhibit 1).

2. At the hearing, Haskins entered a conditional guilty plea to possession of marijuana in violation of KRS 218A.1422, and the Christian District Court sentenced him to 30 days in jail (suspended) and unsupervised probation for 2 years. (Docket Court Order, attached hereto as Exhibit 2; Order of Probation, attached hereto as Exhibit 3).

3. On January 28, 2025, Haskins filed a notice of appeal of the January 8, 2025 judgment of conviction and order denying Haskins's motion to suppress evidence. (Notice of Appeal, attached hereto as Exhibit 4).

4. The issues on appeal include but are not limited to the alleged:

   a. Improper Order of the trial court placing burden of production on Defendant during the November 30, 2023 suppression hearing.

   b. Erroneous Order of the **trial court determining legality of traffic stop**.

   c. Erroneous Order of the **trial court finding extension of traffic stop as investigatory**.

      d.   Erroneous Order of the **trial court finding both physical pat down searches of the Defendant lawful**.

      e.   Erroneous Order of the **trial court finding interior clothing search of the Defendant lawful**

(*Id.* (emphasis added)).

    5.    It is Ofc. Kline's position that Haskin's conditional guilty plea in the state-court criminal matter will bar the federal court civil action pursuant to the *Heck* doctrine, regardless of any appeal. *Heck v. Humphrey*, 512 U.S. 477 (1994). Under the *Heck* doctrine, an individual may not file a § 1983 suit for damages or equitable relief challenging his conviction or sentence if a ruling on his claim would render the conviction or sentence invalid, **until and unless the conviction or sentence has been reversed on direct appeal**, expunged by Executive Order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Heck*, 512 U.S. at 486-87; *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration."); *see also Robinson v. Hardin Cty. Det. Ctr.*, No. 3:18-CV-P301-DJH, 2018 WL 3661452, at *2 (W.D. Ky. Aug. 2, 2018) ("Plaintiff can only maintain a claim for damages based upon malicious prosecution if he has been exonerated of the charges against him." (citing *Heck*)).

    6.    The United States District Court has applied the *Heck* doctrine as a bar to federal claims where the plaintiff entered a conditional guilty plea for state-court charges; however, in that matter, unlike here, the plaintiff exhausted his appellate remedies. *See, e.g., Ward v. Borders*, 3:16-CV-393-RGJ-RSE, 2022 WL 4237501, at *4 (W.D. Ky. Sept. 14, 2022).

7. Ofc. Kline respectfully requests that the stay remain in place until any resolution or significant development in the underlying criminal appeal.

8. Ofc. Kline further requests that the Court order the parties to file a joint status report promptly after any resolution or significant development in the underlying state criminal case or by June 6, 2025, whichever occurs earlier.

Respectfully submitted,

COTTHOFF & WILLEN
H. Douglas Willen, Esq.
317 West Ninth Street
P.O. Box 536
Hopkinsville, KY 42241
Phone: (270) 885-9909
hdw@cwlaw-firm.com

By: /s/ Doug Willen_____
H. Douglas Willen, Esq.

KEULER, KELLY, HUTCHINS, BLANKENSHIP & SIGLER, LLP
100 South 4th Street, Suite 400
Paducah, KY 42001
Phone: (270) 448-8888
Fax: (270) 448-0998
jsigler@kkhblaw.com
jlandry@kkhblaw.com

By: /s/ James A. Sigler______
James A. Sigler, Esq.
James P. Landry, Esq.

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing has been served this 10th day of February 2025, via email, addressed to the following:

Ramon McGee, Esq., rmcgeeinc@hotmail.com, The Law Office of Ramon McGee, 4123 W. Broadway, Louisville, KY 40211, *Attorney for Plaintiff*.

By: /s/ James A. Sigler
James A. Sigler, Esq.